UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABE WILLIAMS, Jr., | No. 2:13-cv-2052-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. BAHADUR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants S. Bahadur and M. Cherry have moved for judgment on the pleadings (ECF No. 48), arguing that plaintiff's claims against them are barred by res judicata. Defendants have also moved for a protective order (ECF No. 50) seeking a stay of discovery pending disposition of their motion for judgment on the pleadings. Plaintiff has filed oppositions to both motions (ECF Nos. 51 & 52) and defendants have filed replies (ECF Nos. 53 & 54). For the reasons stated hereafter, defendants' motion for judgment on the pleadings should be granted.

**I.     Background**

Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights. He claims that, in March of 2011, he was assigned to work in the kitchen at Mule Creek State Prison under the supervision of defendant Bahadur. ECF No. 1 at 7, ¶¶10-13. He provided her with copies of his medical "chronos" which purportedly limited what physical labor he could

1

1   perform. *Id*. In June of 2011, Bahadur assigned plaintiff to kitchen scullery, a task which he
2   claims exceeded his medical limitations. *Id*. ¶¶ 24-29. Bahadur initially refused to assign him to
3   a different task, but eventually ordered him back to his housing unit after it became apparent that
4   he could not perform his duties. *Id*. ¶ 34. Plaintiff asked if he would be given a disciplinary and
5   Bahadur responded that he would not be. *Id*. ¶ 35. Nevertheless, approximately a week later he
6   received a rule violation report charging him with refusing to perform assigned duties. *Id*. ¶ 40.
7   Plaintiff claims that Bahadur's actions violated his Eighth Amendment rights.

8       Defendant Cherry presided over the rules violation report hearing at which plaintiff was
9   found guilty. *Id*. ¶¶ 41, 51. Plaintiff claims that the hearing violated his due process rights
10  insofar as Cherry: (1) failed to document questions and answers from Bahadur and other
11  witnesses, (2) declined to allow the witnesses plaintiff requested in his defense, and (3) failed to
12  document plaintiff's physical work limitations. *Id*. ¶¶ 51-58.

13      In January of 2013, plaintiff was denied parole and he claims that the 2011 disciplinary
14  violation was cited as a reason for the denial. *Id*. ¶¶ 63-65.

15  **II.     Legal Standard**

16      "After the pleadings are closed—but early enough not to delay trial—a party may move
17  for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly
18  granted when, accepting all factual allegations in the complaint as true, there is no issue of
19  material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez*
20  *v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and alteration omitted). A
21  motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is similar to a Rule 12(c)
22  motion insofar as both require a court to "determine whether the facts alleged in the complaint,
23  taken as true, entitle the plaintiff to a legal remedy." *Id.* (citing *Brooks v. Dunlop Mfg. Inc.*, No.
24  C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9,
25  2011)). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts
26  apply the "same standard." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.
27  1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the
28  /////

tim[ing] of filing"); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings is appropriate when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a motion for judgment on the pleadings. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**III.    Request for Judicial Notice**

Defendants request that the court take judicial notice of plaintiff's state court filings and court orders, namely: (1) a 2011 petition for habeas corpus and exhibits (case no. 11-HC-1466) filed with the Amador County Superior Court; (2) the order issued by the Amador County Superior Court denying the 2011 petition; (3) a 2013 petition for habeas corpus and exhibits

/////

(case no. 80451) filed with the Alameda County Superior Court; and (4) the order issued by the Alameda County Superior Court denying the 2013 petition. ECF No. 49, Exs. A-D.

Plaintiff has not raised any tenable objections[1] to judicial notice of these documents in his opposition. *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 & n.9 (9th Cir. 1987) (taking judicial notice of "pleadings, orders and other papers on file in the underlying bankruptcy case"). In light of the foregoing authority, the court rejects plaintiff's argument, to the extent he seeks to raise it, that defendant's motion for judgment on the pleadings must be converted into one for summary judgment.

Defendants' request for judicial notice is granted.

## IV.     Analysis

Defendants argue that plaintiff's claims are barred by res judicata. It is well-settled that the rules of preclusion apply with equal measure to section 1983 actions. *See Allen v. McCurry*, 449 U.S. 90, 104-105 (1980). In determining whether a state court decision is preclusive, federal courts are required to refer to the preclusion rules of the relevant state. *Miofsky v. Superior Court of California*, 703 F.2d 332, 336 (9th Cir. 1983). Under California law, res judicata or claim preclusion applies where:

> (1) the issues decided in the prior adjudication were identical to the issues raised in the present action, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication.

*Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053 (Cal. Ct. App. 1998). In determining whether the issues raised in a prior case are identical to the ones raised in the present action California courts apply the 'primary rights' theory by which the violation of one primary right gives rise to a single cause of action. *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). Specifically:

---

[1] In his opposition, plaintiff does state that the exhibits submitted for judicial notice are "materials outside the complaint." ECF No. 52-1 at 2. He does not offer any legal argument as to why the court should not take judicial notice of them, however.

4

> [A] cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Claims are 'identical' if they involve the same 'primary right.'

*Acuna v. Regents of Univ. of Cal.,* 56 Cal. App. 4th 639 (Cal. Ct. App. 1997). Moreover, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App.3d 1170, 1174 (1983). "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." *Id*. at 1175. Finally, a party has had a full and fair opportunity to litigate if the state proceedings satisfy the minimum requirements of the Fourteenth Amendment's Due Process Clause. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982).

Res judicata bars the claims at issue here. As defendants point out, both plaintiff's 2011 Amador County habeas petition and the instant section 1983 action are challenges to the issuance and adjudication of the same rules violation report. Specifically, the 2011 habeas petition argues that: (1) Bahadur's kitchen assignment was beyond plaintiff's physical capabilities, (2) Bahadur failed to confer with unit medical staff regarding the propriety of the assignment, (3) Cherry failed to "document material and relevant statements" at the disciplinary hearing, and (4) Cherry denied him the opportunity to "present supporting documentary evidence." ECF No. 49-1 (Ex. A) at 10 – 17. The Amador County Superior Court considered and rejected these claims (ECF No. 49-2 (Ex. B)), which track the ones at issue in this case. ECF No. 1 at 20-21.

Plaintiff's arguments to the contrary are unavailing. First, he contends that the 2011 habeas petition merely related Bahadur's actions for the purpose of factual context; it did not actually challenge her conduct and she was not listed as a party to the petition. ECF No. 52-1 at 6. The petition clearly challenged her conduct, however, insofar as it argued that: (1) Bahadur ignored his medical limitations in assigning him a work task and (2), as a consequence, a rules

violation based on his failure to perform that task should not have issued. ECF No. 49-1 (Ex. A) at 13-14. Indeed, the petition argued that the rules violation report was not supported by 'some evidence' because the work assigned by Bahadur amounted to cruel and unusual punishment. *Id*. at 23. In relevant part:

> In the current case, not only was C/O Bahadur (author of the disciplinary action) aware of Petitioner's physical limitations including excessive bending at the waist, squatting, stooping, etc., she destroyed Petitioner's copy of his 2005 medical chrono documenting those limitations. Bahadur, who has no medical training or background, was not qualified to make medical assessments of Petitioner's physical limitations, yet repeatedly did so, while failing to contact Petitioner's primary care doctor or B-Facility medical.

*Id*. at 23-24. The fact that plaintiff's petition couched the purported violation of his Eighth Amendment rights in the context of a 'some evidence' claim is irrelevant for the 'primary rights' analysis. *See Eichman*, 147 Cal. App. 3d at 1174; *see also Bucur v. Ahmad*, 244 Cal. App. 4th 175, 185 (2016) ("If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."). It is also irrelevant that defendant Bahadur was not listed as a party to the prior habeas petition. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.")[2]; *Lerner v. Los Angeles City Bd. of Ed.*, 59 Cal. 2d 382, 398 (1963) ("agents of the same government are in privity with each other"); *see also Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir. Cal. 2001) ("[T]he party *against whom* preclusion is sought must be the same as, or in privity with, the party to the former proceeding.") (emphasis added).

Plaintiff acknowledges that the 2011 habeas petition did raise claims against defendant Cherry (ECF No. 52-1 at 11), but he argues that res judicata should not apply because the superior

---

[2] Plaintiff was, of course, the petitioner in both of his habeas petitions and is the claimant in the present case.

1 court did not address those claims. *Id*. Specifically, he contends that the superior court never
2 addressed the claims regarding Cherry's "biased conduct during the RVR hearing." *Id*. The
3 superior court found, however, that "[i]n this case, Petitioner's due process rights were not
4 violated." ECF No. 49-2 (Ex. B) at 4. It went on to note that, at the disciplinary hearing, plaintiff
5 was afforded an opportunity to call witnesses, that written statements were provided to him at
6 each stage, and that staff reports were sufficient evidence by which the hearing officers could
7 determine his guilt. *Id*. Given that his current claims against Cherry arise exclusively out of the
8 allegation that his due process rights were violated at the disciplinary hearing, the court finds that
9 they were necessarily considered and adjudicated in 2011.

10 The court also rejects plaintiff's argument that res judicata should not apply because he
11 could not have obtained money damages in his previous habeas actions. *Gonzales v. Cal. Dep't of*
12 *Corr.*, 739 F.3d 1226, 1232 (9th Cir. 2014) ("California's doctrine of claim preclusion does not
13 require identity in relief sought.").

14 Nor can it accept plaintiff's contention that "a judgment granting habeas relief is 'res
15 judicata' . . . an order denying the writ is not." (ECF No. 52-1 at 9). The U.S. Court of Appeals
16 for the Ninth Circuit has held otherwise. *See Gonzales*, 739 F.3d at 1231 (rejecting appellant's
17 argument that an order denying a habeas petition is not res judicata and noting that "*reasoned*
18 *denials of California habeas petitions, as in this case, do have claim-preclusive effect.*").
19 Plaintiff's citation to *Haring v. Prosise*, 462 U.S. 306 (1983) is inapposite because, as defendants
20 correctly point out, *Haring* concerned whether a guilty plea had a preclusive effect on a
21 subsequent section 1983 action. *Id*. at 316-317. Additionally, in *Haring* the Supreme Court
22 noted that the issue relevant to the 1983 action – the legality of an apartment search – had, as a
23 consequence of the defendant's decision not to contest his guilt, never been litigated. *Id*. at 316.
24 *Haring* simply does not speak to the procedural history of this case, wherein plaintiff raised and
25 litigated the relevant claims in a prior habeas proceeding.

26 Finally, plaintiff's argument that the application of res judicata would result in injustice
27 cannot be credited. His contentions to this effect amount to little more than the vague suggestion
28 that the defendants actually violated his rights and that application of res judicata would unfairly

allow them to escape liability. ECF No. 52-1 at 14-15. By way of a lengthy footnote he also asserts that a "majority of Americans" believe that the courts are "rigged unfairly to disadvantage the average person, the middle-class, minorities, and the poor and disadvantaged." *Id*. at 15 n. 1. The natural result of crediting such arguments, however, would be the complete demise of the doctrine of res judicata. Any party against whom the doctrine was asserted could simply argue that their position was actually meritorious or that they fell into some purportedly disadvantaged category. Instead, as defendants point out in their reply, courts have generally found injustice in cases where the application of a prior adjudication of a question of law would affect the public interest in some negative and obvious way. ECF No. 53 at 5-6 (collecting cases).

**V.      Conclusion**

Accordingly, it is recommended that defendants' motion for judgment on the pleadings (ECF No. 48) be granted and the motion for protective order (ECF No. 50) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE