UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABE WILLIAMS, Jr., | No. 2:13-cv-02052-TLN-EFB |
| Plaintiff, | |
| v. | ORDER |
| S. BAHADUR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's application to proceed in forma pauperis was granted. (ECF No. 7.) The assigned magistrate judge filed findings and recommendations (ECF No. 55) recommending that Defendants' motion for a judgment on the pleadings be granted. The Court adopted the findings and recommendation in full, granted Defendants' motion for judgment on the pleadings, dismissed Plaintiff's claims with prejudice, and directed the Clerk of the Court to close this case. (ECF No. 58.) Defendants submitted a bill of costs, in which they sought $280 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (ECF No. 60.) Plaintiff opposes awarding Defendants such costs. (ECF No. 61.) Defendants have filed a reply. (ECF No. 63.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, the Court will award Defendants costs in the requested amount.

1

28 U.S.C. § 1920(4) provides "[a] judge . . . of any court of the United States may tax as costs . . . [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). That is, a district court has "discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). However, this "discretion is not unlimited." *Id*. "A district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to specify reasons." *Save Our Valley*, 335 F.3d at 945 (internal quotation marks omitted). Thus, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Moreover, the Ninth Circuit has held "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945. However, the Ninth Circuit has explained that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley*, 178 F.3d at 1079.

Mindful of the Ninth Circuit's admonition, the Court has considered both the financial resources of Plaintiff and the requested amount of costs. While Plaintiff is a prisoner who has been allowed to proceed in forma pauperis, "proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). "Indeed, 28 U.S.C. § 1915 provides that when costs are awarded against an indigent prisoner, the prisoner will be required to pay those costs on a monthly payment plan of twenty percent of the prisoner's income from the previous month." *Id*. Given that reality, the modest amount Defendants have requested, and having carefully reviewed the parties' submissions, the Court finds that Plaintiff has not shown this is anything but an ordinary case. Accordingly, the Court

will order the payment of costs in the requested amount of $280.  (*See* ECF No. 60.)

For the reasons set forth above, Defendants are awarded costs in the amount of $280. Plaintiff will be required to pay such amount in the manner provided for by 28 U.S.C. § 1915(f)(2)(B).  That is, Plaintiff will be required to make payments on a monthly payment plan of twenty percent (20%) of his income from each previous month.[1]

IT IS SO ORDERED.

Dated: August 28, 2018

Troy L. Nunley
United States District Judge

---

[1] The Ninth Circuit has observed that the cross-reference in § 1915(f)(2)(B) "appears to contain a typographical error." *Draper*, 836 F.3d at 1087 n.10.  The payment process is actually located in § 1915(b)(2).